UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROFESSOR SAM WISE, DDS, MOM, MSc, MDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00800-JNW<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on pro se Plaintiff Dr. Sam Wise's Emergency Motion for Temporary Restraining Order (TRO). Dkt. No. 4. For the reasons explained below, the motion is DENIED.

## 1.   BACKGROUND

Dr. Wise sued numerous federal and state defendants, including the Department of Justice, FBI, Washington State Department of Health (Washington DOH), Texas State Board of Dental Examiners, three state court judges (Hon. Lindsey R. Cotterell, Hon. Gary Bashor, and Hon. Judge Evans), and the Washington Court of Appeals, Division II. Dkt. No. 1 at 1. He asserts claims for

deprivation of his constitutional rights under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985(2), whistleblower retaliation under 18 U.S.C. § 1513(e), civil RICO violations, obstruction of FOIA access under 5 U.S.C. § 552, and various Washington and Texas state-law claims. Dkt. No. 4 at 12–13.

According to Dr. Wise, his claims arise from alleged retaliation following his federal whistleblower complaints filed in March 2025, and center on ongoing state licensing proceedings against his dental license in both Washington and Texas. He alleges that Washington DOH issued "sealed orders with no notice, service, or jurisdiction" and that the Texas Board "reopened a dormant license case" in retaliation for his protected disclosures. *Id.* at 3–4.

Dr. Wise seeks emergency relief enjoining Defendants from enforcing licensing orders, retaliating through licensing channels, and concealing records. *Id.* 4–8.

## 2. DISCUSSION

**2.1   Legal standard.**

District courts have a duty to construe pro se pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, pro se litigants remain bound by the procedural rules governing TROs and preliminary injunctions. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

To obtain a TRO, the moving party must serve all motion papers on the nonmoving party unless the requirements of Rule 65(b)(1) are met. LCR 65(b)(1); Fed. R. Civ. P. 65(b)(1). The Court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *see also* LCR 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

### 2.2   Plaintiff's TRO motion fails for several reasons.

Dr. Wise's TRO motion fails to satisfy the procedural requirements of Rule 65(b) and Local Civil Rule 65(b)(1). The motion includes no certification indicating notice given to any defendant. Dkt. No. 4. Nor does it address the standard for issuance of a TRO without notice. Dr. Wise neither certifies "efforts made to give notice" nor provides "reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). The Certificate of Service shows he served the Court and emailed various "oversight recipients," with no indication that any defendants were served with or given notice of the TRO motion. Dkt. No. 4 at 49–50.

On this record, the Court does not find that Dr. Wise's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). He points to no immediate injury requiring ex parte action. Thus, the Court finds no basis for granting emergency relief before Defendants may be heard in opposition.

Even if the procedural requirements were satisfied, Dr. Wise is unlikely to succeed on the merits of his claims for several reasons. For example, he sues three

state court judges and the Washington Court of Appeals for alleged violations of his constitutional rights. But "[i]t is well settled that judges are generally immune from suit for money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). And "Section 1983 expressly immunizes judicial officers from injunctive relief for actions taken in their judicial capacity 'unless a declaratory decree was violated or declaratory relief was unavailable.'" *Kamath v. Barmann*, No. 1:23-CV-00461 JLT CDB, 2024 WL 2132607, at *7 (E.D. Cal. May 13, 2024) (quoting 42 U.S.C. § 1983).

As for the Washington Court of Appeals, it is an arm of the state. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (finding that Sacramento County Superior Court and its employees are arms of the state for Eleventh Amendment purposes). But the Eleventh Amendment to the United States Constitution bars, with limited exceptions, lawsuits by a citizen against a state. *Id.* ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

Additionally, Dr. Wise's complaint appears to challenge ongoing state administrative proceedings in both Washington and Texas. Federal courts generally abstain from interfering with ongoing state proceedings under the *Younger* abstention doctrine. *San Jose Silicon Valley Chamber of Com. Pol. Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). *Younger* abstention applies when: (1) the state proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the

state proceedings to raise constitutional challenges; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *Id.*

Here, Dr. Wise acknowledges ongoing licensing proceedings in multiple jurisdictions. State licensing of professionals constitutes an important state interest, and administrative proceedings typically provide adequate opportunity to raise constitutional challenges.

Dr. Wise's civil RICO claims are not likely to succeed on the merits. The complaint fails to allege a valid enterprise distinct from Defendants' official governmental functions, lacks specific allegations of qualifying predicate acts, and fails to show the required pattern of racketeering activity.

There may be other deficiencies on the merits that further undermine Dr. Wise's likelihood of success, but these issues are more than enough for now to deny his motion.

### 3. CONCLUSION

Accordingly, Dr. Wise's Emergency Motion for Temporary Restraining Order, Dkt. No. 4, is DENIED in its entirety.

Dated this 25th day of June, 2025.

Jamal N. Whitehead
United States District Judge