UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROFESSOR SAM WISE, DDS, MOM, MSc, MDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00800-JNW<br><br>ORDER DISMISSING COMPLAINT |

One hundred thirty-nine days have passed since pro se Plaintiff Dr. Sam Wise filed his complaint against federal and state agencies, their employees, and various state court officials. Dkt. No. 1. On August 26, 2025, this Court issued an Order to Show Cause why this action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), which requires service within 90 days of filing the complaint. Dkt. No. 28. Dr. Wise responded, asking the Court to "[d]eem service effective nunc pro tunc" or extend the period for service. Dkt. No. 29 at 5.

"[T]o avoid dismissal for failure to serve the complaint and summons within [90] days after filing, . . . a plaintiff must show good cause," which means, "at a

ORDER DISMISSING COMPLAINT - 1

minimum," the plaintiff must show "excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). "[A]bsent a showing of good cause," courts have discretion "to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Dr. Wise has not shown good cause for his failure to serve any defendant in this action. Dr. Wise's main explanation is that he inadvertently included documents from his other federal case—*Wise v. United States Department of Justice et al.*, No. 2:25-cv-1167-JNW—in his "service packets" for this action. Dkt. No. 29 at 2. But this explanation does him no favors. First, Dr. Wise has provided no evidence that he ever prepared proper service packets for this case—packets that should have contained the summons, complaint, and other required initial pleadings—much less that he tried to serve them. Dr. Wise's "mix-up" explanation thus appears to be a post-hoc rationalization rather than evidence of a good faith attempt to serve the correct defendants.

Even accepting Dr. Wise's explanation at face value, mere inadvertence does not establish good cause. *Wei v. State of Haw.*, 763 F.2d 370, 372 (9th Cir. 1985) ("'[a] showing of 'good cause' . . . contemplates more than a simple averment that counsel inadvertently forgot about the time limit that the rule imposes.'"). And Dr. Wise's pro se status, even if resulting from counsel's reluctance to represent him because of retaliation concerns, Dkt. No. 29-7, similarly provides no excuse, as "[t]he fact that a plaintiff is pro se does not excuse untimely service." *Hosea-Mayo v. Banner Health Ariz.*, No. CV-23-48-TUC-JCH, 2024 WL 5658944, at *1 (D. Ariz. Mar. 11, 2024); *Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002) ("[T]he mere fact

that [the Plaintiff] was pro se does not constitute good cause."). This principle applies with particular force here, where Dr. Wise is not an unsophisticated litigant unfamiliar with federal court procedures. Dr. Wise holds multiple advanced degrees (DDS, MOM, MSc, MDS), has significant litigation experience, and is prosecuting another complex federal action in this district. *See* Dkt. No. 1; *see also Mann v. Castiel*, 681 F.3d 368, 376–77 (D.C. Cir. 2012) (declining to afford latitude to pro se plaintiffs who were "sophisticated businessmen with litigation experience").

By choosing to proceed without counsel, Dr. Wise assumed the burden of compliance with all applicable federal rules, including Rule 4(m)'s service requirements. *See id.* Managing multiple federal cases simultaneously is a foreseeable responsibility that Dr. Wise voluntarily undertook, not an extraordinary circumstance beyond his control.

Dr. Wise fails to establish other elements courts consider when evaluating good cause. He does not argue or demonstrate that (1) Defendants "received actual notice of the lawsuit"; (2) Defendants "would suffer no prejudice"; or (3) that he "would be severely prejudiced if his complaint were dismissed." *Sheehan*, 253 F.3d at 512. Instead, Dr. Wise requests that the Court "deem service effective nunc pro tunc," Dkt. No. 29 at 5, effectively asking the Court to dispense with service entirely. But service of process is a "fundamental jurisdictional element[]" that may not be dispensed with under these circumstances. *Title v. United States*, 263 F.2d 28, 30 (9th Cir. 1959).

Finally, Dr. Wise presents no evidence of reasonable efforts to serve Defendants or of seeking a pre-deadline extension. While he has filed many

documents since April, none addressed the fundamental requirement of serving Defendants with the complaint and summons.

Accordingly, the Court DISMISSES this case without prejudice.

Dated this 10th day of September, 2025.

Jamal N. Whitehead
United States District Judge

ORDER DISMISSING COMPLAINT - 4